IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD ROE, et al.,                        :
          Plaintiffs,                    :
                                                    :
                                                    :          CIVIL ACTION
          v.                           :          No. 21-2655
                                                      :

THE DEVEREAUX FOUNDATION, et al.,            :
          Defendants.                    :

## ORDER

**AND NOW,** this 28th day of March, 2022, it is **ORDERED** that the Defendants',

Devereux Foundation (d/b/a Devereux Advanced Behavioral Health) and Quality Health

Staffing, LLC (collectively "Devereaux"), partial[1] motion to dismiss Plaintiff's complaint (ECF

No. 10) is granted in part and denied in part, as follows:

- Count VI (Vicarious Liability) alleges that Devereaux ratified the tortious

  misconduct of their employees, through *respondeat superior*, negligent

  supervision, retention and hiring, and/or through enabling the mistreatment.

  Defendants argue that they cannot be vicariously liable because the alleged

  actions were criminal, personally motivated, and outside the scope of

  employment. Devereaux's motion to dismiss Count VI is **DENIED** without

  prejudice to raise at a later stage of the litigation;

- Count VII (Assault and Battery) is brought against Devereaux for the physical and

  verbal abuse that Devereaux staff allegedly inflicted on Plaintiff Roe under

  theories of both direct and vicarious liability. As to direct liability, Plaintiff Roe

---

[1] Devereaux moves to dismiss counts VI, VII, IX, and XI.

argues that Devereaux should be held liable for assault and battery because in Florida, intent can be proven by an actor believing that harm is substantially certain to result from a decision that they made. *Spivey v. Battaglia*, 258 So.2d 815, 816-17 (Fla. 1972). In application, this rule applies to situations like *McDonald v. Ford*, where the defendant intended to grab Plaintiff and hold her head against her will but did not intend for her to hit her head when struggling to get away. 223 So.2d 553 (2d DCA Fla. 1969). The court held that the defendant was still liable for resulting injuries because he intended to bring about the offensive contact that caused them. *Id.* Plaintiff has not sufficiently pled facts that show that Devereaux had intent to bring about the offensive contact that caused his injuries, nor that his injuries were substantially certain to occur from events that Devereaux did intend. Therefore, Devereaux's motion to dismiss Count VII is **GRANTED** insofar as Plaintiff alleges direct liability. However, insofar as Plaintiff alleges vicarious liability, Devereaux's motion to dismiss Count VII is **DENIED** without prejudice to raise at a later stage of litigation;

- Count IX (Intentional Infliction of Emotional Distress) alleges that Devereaux's failure to create or enforce policies to protect its patients from abuse amounts to extreme and outrageous conduct that caused Plaintiff Roe severe emotional distress. Devereaux argues that refusal to enforce policies and procedures cannot be extreme and outrageous because of the high bar for intentional infliction of emotional distress claims, and that there is no proof or allegation that Devereaux acted with the intent to cause emotional distress. Devereaux's motion to dismiss Count IX is **DENIED** without prejudice to raise at a later stage of the litigation**.**

The court will hold Devereaux's motion to dismiss Count XI (Injunctive and Equitable Relief) in abeyance to decide alongside Devereaux's pending Motion to Dismiss Plaintiffs' Class Action Allegations and Requests for Individual and Class-wide Injunctive Relief (ECF No. 33).


        _s/ANITA B. BRODY, J._____
        ANITA B. BRODY, J.